IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARNOLD RAY REED, #1205652, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-1113-B |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for a writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently incarcerated at the McConnell Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Beeville, Texas. Respondent is the Director of TDCJ-CID. Process was issued in this case.

Statement of the Case: Following his plea of not guilty, Petitioner was convicted by a judge without a jury of arson and sentenced to fifteen years imprisonment on November 4, 2003. The Fifth District Court of Appeals affirmed his conviction in an unpublished opinion. *Reed v. State*, No. 05-03-01632-CR (Tex. App. -- Dallas, Mar. 15, 2005). The Texas Court of Criminal

Appeals refused a petition for discretionary review ("PDR") on June 8, 2005. *See* PDR No. 485-05. The United States Supreme Court denied a petition for a writ of certiorari on October 31, 2005. *See* No. 05-6140.

Thereafter, Petitioner filed two state applications, pursuant to art. 11.07, Texas Code of Criminal Procedure. The first application, filed on June 29, 2005, was dismissed because his direct appeal was still pending. *Ex parte Reed*, No. 59,556-02, at 2, at cover, and at 43-45. On September 8, 2005, Petitioner filed his second application, which the Court of Criminal Appeals denied on May 24, 2006. *Ex parte Reed*, No. 59, 556-04, at 2, and at cover.

On January 18, 2006, while his second art. 11.07 application was still pending, Petitioner filed a federal petition for writ of habeas corpus, challenging a September 18, 2005 disciplinary proceeding. *Reed v. Dretke*, 5:06cv0093 (W.D. Tex., San Antonio Div.). The action was transferred to the Southern District of Texas, Corpus Christi Div., where the McConnell Unit was located and where the disciplinary occurred. *Reed v. Dretke*, 2:06cv0067 (S.D. Tex., Corpus Christi Div.). In response to this initial petition, Respondent filed his motion for summary judgment on June 9, 2006, arguing *inter alia* that Petitioner was ineligible for mandatory supervision release. On July 3, 2006, Magistrate Judge Brian L. Owsley filed his report recommending that the petition be dismissed with prejudice. *See* Exh. A attached to Respondent's answer and motion to dismiss, filed on September 22, 2006. On October 16, 2006, the District Court at Corpus Christi adopted the recommendation and dismissed the petition with prejudice.

On June 12, 2006, Petitioner filed the present petition in the Houston Division of the

Southern District of Texas. *Reed v. Quarterman*, 4:06cv2019 (S.D. Tex., Houston Div.).[1] Thereafter, the District Court in Houston transferred the petition to this Court on June 23, 2006.

In response to this Court's order to show cause, Respondent filed a motion to dismiss or to transfer successive petition to the Fifth Circuit Court of Appeals. Alternatively, Respondent argues the petition is meritless. Petitioner has objected to Respondent's motion to dismiss or to transfer petition as successive.

<u>Findings and Conclusions</u>: The Antiterrorism and Effective Death Penalty Act (the "AEDPA") provides that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (West 2006).

In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Court held that § 2244(b)(3)(A) constitutes a bar to a district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the petitioner permission to file such a petition. Therefore, as an initial inquiry this Court must determine if the present § 2254 petition constitutes a successive petition.

In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir.

---

[1] The Court notes the petition bears the caption of the Corpus Christi Division. Nevertheless, it appears it was mailed to the Houston Division where it was received and filed.
   Although the petition is file stamped on June 12, 2006, it is signed and dated on June 7, 2006, which is assumed to be the same date on which Petitioner placed it in the McConnell Unit's prisoner mail system. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

2003). Section 2244(b)(2)(B)(i) and (ii) provide an exception when "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and" under the facts no reasonable fact finder could have found him guilty of the offense charged.

All of Petitioner's claims relate to matters which occurred prior to the date on which he was sentenced in the state district court. Moreover, the records in the state court proceeding reflect that he knew of his claims no later than June 29, 2005, when he filed his first art. 11.07 application. *See* grounds raised in *Ex parte Reed*, No. 59, 556-02 at 7-17.

In reply to Respondent's motion to dismiss, Petitioner points out that he had not exhausted his state court remedies with respect to the claims raised in the instant petition at the time he filed his first federal petition on January 18, 2006. While the record confirms that his claims were unexhausted until the Court of Criminal Appeals denied his second art. 11.07 application on May 24, 2006, there is no compelling reason for him to have filed his first petition on January 18, 2006, until he had exhausted his claims raised in the present petition. The most which he could have obtained under his first federal petition would have been reinstatement of 60 days of good time credit against his arson sentence which in and of itself would not have permitted an immediate release from custody.[2] Moreover, as stated in *Crone,* 324 F.3d at 837, "[i]n accordance with our strong policy against piecemealing claims, we have long held that under an abuse of the writ standard, 'the sole fact that new claims were unexhausted when the earlier federal writ was prosecuted will not excuse their omission.'" (Citations omitted). Therefore, Petitioner's argument is without merit.

---

   [2]   This claim was lacking in merit since the offense of arson was not one to which the former law regarding mandatory supervision release applied. *See* Exh. A, M.J. Owsley's recommendation, at 13-14.

The undersigned Magistrate Judge recognizes the fact that Reed's Southern District of Texas petition, in No. 2-06-CV-0067 was not denied on the merits until October 16, 2006 after the present petition was filed. Although Reed satisfied the exhaustion requirement on the grounds raised in his present petition when the Court of Criminal Appeals denied his second art. 11.07 application, he did not seek to amend his petition pending in the Southern District of Texas prior to the date on which the magistrate judge filed his recommendation or during the intervening period between the date of the magistrate judge's recommendation and the District Court's adoption of the same.  Nor did he move to dismiss that petition without prejudice so as to avoid the issue of having the instant petition being subject to dismissal as a "successive petition."  The Court has found no Fifth Circuit case which addresses the same or a similar circumstance.  However, Petitioner's inaction is inconsistent with the strong policy of the Fifth Circuit against "piecemealing claims."  Therefore, the petition should be dismissed for want of jurisdiction.  Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A).  *See In re Epps*, 127 F.3d 364, 364-65 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that Respondent's motion to dismiss (Docket # 18) be GRANTED and that the petition for writ of habeas corpus be DISMISSED for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit

pursuant to 28 U.S.C. § 2244(b)(3)(A).

It is further recommended that Respondent's second motion for extension of time to file an answer (Docket #13) be GRANTED, and that Petitioner's motions to appoint counsel, to produce, and to transfer case out of district because he can't receive a fair trial (Docket # 11, 12, 14, and 19) be DENIED, the same being moot.

The Clerk will mail a copy of this recommendation to Petitioner and counsel for Respondent.

Signed this 7th day of November, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.