IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARNOLD R. REED, #1205652,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | 3:06-CV-1113-B-BK |
| NATHANIEL QUARTERMAN,<br>Respondent. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On September 24, 2013, Petitioner filed a *pro se* motion under FED. R. CIV. P. 60(b) seeking relief from the December 2006 judgment, which dismissed his federal petition for lack of jurisdiction because it was successive to a previous application challenging a prison disciplinary matter. (Doc. 38). For the reasons that follow, Petitioner's motion should be denied.[1]

Because Petitioner challenges the determination that his original petition was successive, the Court retains jurisdiction to review his claim under Rule 60(b)(6). *See Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007) (district court retained jurisdiction to address Rule 60(b) motion challenging previous procedural ruling, which precluded a merits determination, without precertification by court of appeals under 28 U.S.C. § 2244(b)(3)).

Rule 60(b)(6) provides that "the court may relieve a party . . . from a final judgment . . . [for] any other reason that justifies relief." Relief under this subsection, however, is available "only if extraordinary circumstances are present." *Gov't Financial Services One Ltd. Partnership v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995) (quotation marks omitted).

---

[1] Petitioner has paid the $100 sanction imposed by the United States Court of Appeals for the Fifth Circuit for filing successive, abusive challenges to his 2003 conviction for arson of a habitation. *See Reed v. Thaler*, No. 11-10276 (5th Cir. Apr. 20, 2012) (imposing sanction).

Petitioner's motion raises arguments addressed and rejected by this Court, and implicitly rejected by the affirmance of his conviction by the United States Court of Appeals for the Fifth Circuit. (Doc. 21, 23-24, 36). Specifically, Petitioner asserts that "[w]hen a new habeas petition is filed before the adjudication of a prior habeas petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application." (Doc. 38 at 6). However, as this Court previously noted, Petitioner did not seek to amend his first federal petition (which was pending in the Southern District of Texas) before the magistrate judge filed a recommendation or during the subsequent objection period. (Doc. 21 at 5). Nevertheless, the United States Court of Appeals for the Fifth Circuit has since clarified that a section 2254 petition challenging a conviction is successive if the factual basis of the claims occurred before he filed a first federal petition challenging a disciplinary proceeding. *Propes v. Quarterman*, 573 F.3d 225, 229-30 (5th Cir. 2009). The Court explained:

> [A] disciplinary matter is not a separate judgment. A petitioner is to bring claims against a judgment and claims that arise from disciplinary matters that occur during incarceration under that judgment in the same proceeding. *See Story v. Collins*, 920 F.2d at 1251. . . . A challenge to disciplinary actions taken against an inmate while serving under a judgment of conviction, and a challenge to the conviction itself, are different grounds of relief on the same judgment. Those have to be brought together.

*Id.* at 230-31.

Petitioner has failed to show the "extraordinary circumstances" necessary to seek relief from judgment under Rule 60(b)(6). Therefore, his Rule 60(b) motion (Doc. 38) should be DENIED.

**SIGNED** October 4, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE